## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**BRENT WILLIAMS,**

     Petitioner,

     v.

**WARDEN JAMES HAVILAND,**

     Respondent.

CASE NO. 3:22 CV 31

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

Petitioner Brent Williams ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge Amanda M. Knapp for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On December 19, 2024, Judge Knapp issued an R&R recommending the Court deny the Petition. (Doc. 11). Petitioner filed objections to the R&R. (Doc. 14).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and denies Petitioner's habeas Petition.

### BACKGROUND

This habeas case, filed on January 6, 2022, stems from Petitioner's conviction of murder and subsequent prison sentence of fifteen years to life. *State of Ohio vs. Williams*, 2020 WL 3637988.

In her R&R, Judge Knapp recommends the Court find Petitioner's arguments that his murder conviction was not supported by sufficient evidence and the state appellate court sufficiency analysis was unreasonable is without merit.

**STANDARD OF REVIEW**

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews de novo those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory[.]" *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review[.]" *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter de novo, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. Am. Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn.); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

## DISCUSSION

Petitioner claims to allege two separate objections: first, that the Magistrate Judge incorrectly concluded there was sufficient evidence to support his conviction, and second, that the Magistrate Judge erred in finding the state appellate courts' determination regarding sufficiency reasonable. Both ultimately constitute a single objection to the sufficiency of the evidence, and this Court analyses them accordingly.

Sufficiency of the Evidence

Petitioner objects to the Magistrate Judge's conclusion that there was sufficient evidence to convict him of murder. He argues: (1) the cell phone evidence placing him near the scene was inconclusive; (2) the sperm-tail forensic evidence was speculative; (3) the absence of forced entry did not implicate him exclusively; (4) the victim's history of alcoholism and seizures suggests an alternative cause of death; and (5) existence of an insurance policy does not prove he murdered the victim. (Doc. 14, at 5–8).

As an initial matter, the Court finds this objection merely repeats arguments already presented to and addressed by the Magistrate Judge. *Compare* Doc. 10 at 8–12 with Doc. 14 at 5–8). Such repetitive objections do not trigger *de novo* review. *Howard*, 932 F.2d at 509. "Without specific objections, '[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks.'" *Dolgencorp*, 277 F. Supp. 3d at 965 (quoting *Brooks v. Invista*, 528 F. Supp. 2d 785, 788 (Tenn. 2007))) (alteration in original). Petitioner's objections are repetitive and general; they fail to satisfy the specificity requirement under Federal Rule of Civil Procedure 72(b). *Howard*, 932 F.2d at 509. Thus, clear error review is appropriate, and the Court finds none.

3

However, even applying *de novo* review, the Court finds Petitioner's claims fail on the merits in applying the highly deferential standard under The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Stewart v. Wolfenbarger*, 595 F.3d 647, 653 (6th Cir. 2010)

First, a reviewing court considers "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted) (emphasis in original). "The inquiry ends if the panel determines that there was sufficient evidence to convict [the petitioner]." *Stewart*, 595 F.3d at 653. However, on federal habeas review, an additional layer of deference applies to questions regarding the sufficiency of the evidence. *Coleman v. Johnson*, 566 U.S. 650, 651 (2012). "If we find that the evidence is insufficient to convict, we must then apply AEDPA deference and ask whether the state court was 'objectively unreasonable' in concluding that a rational trier of fact could find [Petitioner] guilty beyond a reasonable doubt." *Stewart*, 595 F.3d at 653.

Here, the Magistrate Judge properly concluded that sufficient evidence supported Petitioner's murder conviction. The evidence at trial included: cell phone records indicating Petitioner's proximity to the victim's apartment at the relevant times; intact sperm tails placing Petitioner with the victim near the estimated time of death; and the absence of forced entry suggesting the victim knew the perpetrator. *See* Doc. 11, at 27–33.

Petitioner also argues alternative interpretations of the evidence and explanations for the victim's death, such as her history of alcoholism and seizures. (Doc. 14, at 8). But under *Jackson*, this Court may not re-weigh evidence or substitute its judgment for the factfinder. 443 U.S. at 326. Based on the record before it, the Court agrees with the Magistrate Judge's conclusion that a rational trier of fact could indeed find Petitioner guilty beyond a reasonable doubt.

4

Even if this Court were to "conclude that a rational trier of fact could *not* have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (citing 28 U.S.C. § 2254(d)(2)) (emphasis in original).

The Court further agrees with the Magistrate Judge's conclusion that the state appellate court's finding of sufficient evidence to support the murder conviction was not based on an unreasonable determination of the facts.

CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Knapp's R&R (Doc. 11) be, and the same hereby is, ADOPTED as the Order of this Court, and the Petition (Doc. 1) is DENIED as set forth therein and herein; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).


　s/ *James R. Knepp II*　　　　　
UNITED STATES DISTRICT JUDGE

Dated: March 24, 2025